■ CLARA ARMSTRONG, Appellant, v. ARTHUR M. HEEG et al., Individually and as Executors of JOHN C. ARMSTRONG, Deceased, Respondents.— In an action, in which the complaint alleges three causes of action: (1) to recover the value of services rendered by plaintiff to the defendants' testator before his death; (2) to recover for moneys advanced by plaintiff to such testator before his death; and (3) to recover damages for the fraudulent representations made by one of the defendants personally acting on behalf of both of them as executors, the plaintiff appeals from an order of the Supreme Court, Queens County, dated May 19, 1960, granting defendants' motion to remove the action to the Surrogate's Court, Queens County, and denying plaintiff's cross motion, under rule 113 of the Rules of Civil Practice, for summary judgment as to the three causes of action pleaded. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Kleinfeld, Pette and Brennan, JJ., concur.

■ FAIRVIEW HARDWARE, INC., Appellant, v. DAVID STRAUSMAN et al., Copartners Doing Business as STRAUSMAN CONSTRUCTION Co., Respondents.— In an action by plaintiff, the lessee of a store in a shopping center, against defendants, the lessors, to recover damages for the breach of their covenant not to lease any other store in the shopping center for the sale of hardware, wallpaper and paints, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, rendered June 2, 1960, after a nonjury trial, as awards it nominal damages of six cents. Judgment insofar as appealed from modified on the law and the facts by increasing the award of damages from six cents to $720. As so modified, the judgment is affirmed, with costs to plaintiff. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the proof warrants a finding that defendants' breach of the covenant caused a decrease of $72 a year in the rental value of plaintiff's store, or a total decrease of $720 over the 10-year term of plaintiff's lease. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.